Filed 6/21/16  P. v. Uribe CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

|  |  |
|---|---|
| THE PEOPLE, | C080470 |
| Plaintiff and Respondent, | (Super. Ct. No. SF127154A) |
| v. | |
| GABRIEL MARMALEJO URIBE, JR., | |
| Defendant and Appellant. | |

Appointed counsel for defendant Gabriel Marmalejo Uribe, Jr., has asked us to review defendant's conviction pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  We have reviewed the record provided to us and find no error that would result in a disposition more favorable to defendant.  Accordingly, we affirm.

1

## BACKGROUND

On February 21, 2014, defendant and his cohort Usman Nusrat Khan rang the doorbell of the home of Farhat Naseem. Naseem was present as were her two toddler grandchildren and her daughter Aleena Munawar. When Naseem opened the door, Khan pointed a gun at her and forced his way into the house. He made Naseem sit on the sofa next to her granddaughter and demanded money and jewelry. Naseem removed her bracelets and ring and gave him money. Khan handed the gun to defendant, who pointed the gun at Naseem while Khan went upstairs.

Munawar was upstairs with the grandson when she heard the commotion and her mother screaming and crying downstairs. Munawar looked downstairs and saw two men in hoodies. She then went into her room, locked the door, and called 911. Munawar heard drawers opening and things being moved. Khan kicked in her door and Munawar recognized him from high school. Khan demanded money and jewelry. Munawar said she had neither in the house. As Khan searched the upstairs, Munawar went downstairs, where defendant pointed the gun at her and directed her to sit next to Naseem on the sofa. Defendant then pointed the gun at Naseem, who was crying. Defendant told Khan to hurry up and Khan came downstairs. Khan took Naseem's purse from the kitchen but left it there when Munawar told him there were medical papers in the purse.

Defendant and Khan then started out the front door, but the police had arrived. Defendant fled through the house and out of the back door, dropping the loaded gun inside the house. Officers found him hiding inside a garbage can; he resisted as they tried to take him into custody. Police found an iPhone and several gold rings on him. Defendant and Khan had taken a bracelet, rings, and an iPhone from the house.

At the preliminary hearing, Munawar and Naseem both testified. Defendant's attorney cross-examined Munawar, objected during Naseem's testimony (to nonresponsive answers), and cross-examined the officer who identified the gun. Defendant did not testify. The resulting information, after amendment, charged

2

defendant with three counts of robbery in concert within an inhabited dwelling (Pen. Code, §§ 211, 213, subd. (a)(1)(A);[1] counts 1 (Munawar), 2 (Naseem), 3 (grandson)); first degree burglary with a person present (§ 459; count 4); two counts of assault with a semiautomatic firearm (§ 245, subd. (b); counts 5 (Munawar) and 6 (Naseem)); and resisting a peace officer, a misdemeanor (§ 148; count 7). In connection with counts 1 through 3, it was further alleged that defendant personally used a firearm (§ 12022.53, subd. (b)) and in connection with counts 1 through 4, that he personally used a firearm in the commission of a felony (§ 12022.5, subd. (a)).

The clerk's minutes of June 12, 2015, reflect that defendant waived his right to a jury trial. The record on appeal does not include a reporter's transcript for June 12. However, on June 23, 2015, defendant again waived jury trial and agreed to submit the case for decision on the preliminary hearing transcript and waive any hearsay objections. Before doing so, he conferred at length with counsel. While taking the waiver, the trial court advised defendant that he was likely to be found guilty if he submitted the case in this manner, described in detail the penalties and consequences for the offenses, and specifically obtained his waiver of his right to cross-examine witnesses. The court also advised defendant multiple times that he retained the right to present evidence and to testify. There was no agreed-upon disposition; ultimately defendant and Khan submitted on the preliminary hearing transcript. Khan's attorney submitted an exhibit and argued his case at length; defendant's counsel joined in Khan's argument and submitted.

The trial court acquitted defendant on count 3. On counts 1 and 2, the court found defendant not guilty of robbery in concert but guilty of the lesser offense of robbery perpetrated in an inhabited dwelling. (§ 212.5, subd. (a).) The court found defendant

---

[1] Further undesignated statutory references are to the Penal Code.

3

guilty on counts 4 through 7. The court found the firearm allegations to be true in connection with counts 1, 2, and 4.

In defendant's sentencing statement, defense counsel acknowledged that defendant waived his jury trial right and agreed to a court trial on the preliminary hearing transcript. Counsel conceded the court advised defendant as to his rights and possible consequences, but claimed that "neither the parties nor the court discussed the actual or potential consequences of proceeding in such manner." As we have described, the record reflects otherwise.

The court sentenced defendant to state prison for an aggregate term of 13 years as follows: count 1, the low term of three years plus 10 years for the firearm enhancement (§ 12022.53, subd. (b)) and a stayed 10-year term for the second firearm enhancement (§ 12022.5, subd. (a)); count 2, a concurrent low term of three years plus a concurrent 10 years for the firearm enhancement (§ 12022.53, subd. (b)) and a stayed 10-year term for the second firearm enhancement (§ 12022.5, subd. (a)); count 4, the low term of two years plus 10 years for the firearm enhancement (§ 12022.5, subd. (a)), stayed pursuant to section 654; counts 5 and 6, the low term of three years for each, stayed pursuant to section 654; and count 7, a concurrent 180-day jail term.

Defendant appeals.

## DISCUSSION

Counsel filed an opening brief that sets forth the facts of the case and requests this court review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed, and we have received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

/s/
Duarte, J.

We concur:

/s/
Nicholson, Acting P. J.

/s/
Butz, J.